Judge Logaw
delivered the opinion of the court.
This was an action of trespass, assault and battery, ⅛ which Collins obtained a verdict for $475 upon a writ ot enquiry. And Mussin, on a subsequent day of the term, moved for a new trial upon the ground of surprise and misfortune.
In support of his motion, he relied, 1st: On the sickness of two of his children, which prevented his attendance on court. 2d: That he had been informed, by persons who attended as witnesses for the plaintiff at the preceding term, that they were not summoned to attend the succeeding term, and also by a deputy sheriff, that no subpoenas had been put into his hands for witnesses in that case, and that the plaintiff had either left the country or counjy. That he was not guilty of the battery alledged, and intended to have put in the plea of not guilty, could he have attended court, and believed he could support the plea.
The excuse for not attending court at the time of the trial, was certainly a good excuse. But whether from the circumstances attending this case, the new trial was not properly refused upon other grounds, ■ is the next question for examination ?
'On a mo* t'io-foranew trial it is not enough that t^e applicant should ao count for hi¿ absence at the trial, tie should also shew due di* licence in. preparing*, & t-»at because cfhisabsencé his preparation was unavailing.
B. Hardin for appellant, Bibb for appellee.
It seems that at the preceding term a trial was expected; that the appellant had written to counsel to defend him, but without any other preparation, or even a knowledge that the attorney would represent him — not a witness summoned nor any suggested to be absent. And not at last shewn by whom, or in what manner it was expected to repel the allegation against him.
It is not enough that a defendant should have a good excuse for not attending court at the trial; it ought to appear that had he been there, he had used due diligence to be ready for trial, or that the attendance of his-witnesses without his presence would probably have been unavailing to his defence: that, in fine, the misfortune of the defendant in not being able to attend court at the trial, ought not to place him upon better ground than he would appear to have occupied had he been there, unless with that misfortune was connected other want of preparation or a probable injury peculiar to his absence. As this does not appear from any thing shewn in this case, the judgment must be affirmed with cost and damages.